**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MAYELI ELIZABETH BONILLA RODAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUPER DEAL OUTLET INC.,<br>SUPER DISCOUNT OUTLET INC., and<br>JUDY WONG, individually,<br><br>Defendants. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff MAYELI ELIZABETH BONILLA RODAS ("Plaintiff" or "Named Plaintiff") brings this class action for damages and other legal and equitable relief against the Defendants SUPER DEAL OUTLET, INC., SUPER DISCOUNT OUTLET, INC., and JUDY WONG (collectively, "Defendants"), upon personal knowledge as to herself and upon information and belief as to all others similarly situated ("Class Plaintiffs" or the "Class"), for violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), the New York State Labor Law ("NYLL"), the New York Code of Rules and Regulations ("N.Y.C.R.R."), The New York Wage Theft Prevention Act, and any other causes of action that can be inferred from the facts set forth herein:

## INTRODUCTION

1. This is an action brought by Plaintiff challenging acts committed by Defendants against Plaintiff and the Classes amounting to class claims of violations of Federal and State wage and hour laws.

## PARTIES

2. Plaintiff is a resident of the State of New York.

3. Plaintiff was employed by Defendants from approximately October 2024 through September 2025.

4. Upon information and belief, Defendant SUPER DEAL OUTLET, INC. is domestic corporation organized pursuant to the laws of the State of New York.

5. Upon information and belief, Defendant SUPER DISCOUNT OUTLET, INC. is domestic corporation organized pursuant to the laws of the State of New York.

6. Upon information and belief, Defendant JUDY WONG is resident of the State of New York, and an owner/officer of the corporate defendants.

7. Defendants own and operate retail businesses in Brooklyn, New York.

8. During all relevant times, Defendants have shared a common upper management and have been centrally controlled and or owned by the Individual Defendant.

9. During all relevant times, Defendant JUDY WONG did exercise actual control over the work and wages of Plaintiff and the Class.

10. During all relevant times, Defendant JUDY WONG has had power over personnel decisions at Defendants' locations, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

11. During all relevant times, Defendant JUDY WONG has had power over payroll decisions at Defendants' locations, including the power to retain time and/or wage records.

12. During all relevant times, Defendant JUDY WONG has been actively involved in managing the day-to-day operations of Defendants' locations.

13. During all relevant times, Defendant JUDY WONG has had the power to stop any illegal pay practices that harmed Plaintiff and the Class.

14. During all relevant times, Defendant JUDY WONG has had the power to transfer the assets and/or liabilities of the corporate Defendants.

15. During all relevant times, Defendant JUDY WONG has had the power to declare bankruptcy on behalf of the corporate Defendants.

16. During all relevant times, Defendant JUDY WONG has had the power to enter into contracts on behalf of the corporate Defendants.

17. During all relevant times, Defendant JUDY WONG has had the power to close, shut down, and/or sell Defendant's locations.

18. During all relevant times, Defendant JUDY WONG is a covered employer within the meaning of the FLSA, the NYLL, and the Fair Workweek Law, and at all relevant times, has employed and/or jointly employed Plaintiff and the Class.

19. During all relevant times, each Defendant has maintained control, oversight, and direction over Plaintiff and the Class, including timekeeping, payroll, and other employment practices that applied to them.

20. During all relevant times, each Defendant applied the same employment policies, practices, and procedures to all non-exempt workers in its operation, including policies, practices, and procedures.

21. Defendants engage in interstate commerce, produces goods for interstate commerce, and/or handles, sells, or works on goods or materials that have been moved in or produced for interstate commerce.

22. Upon information and belief, at all relevant times, Defendants were an "employer" within the meaning of all applicable statues, and an enterprise engaged in commerce as defined by

the FLSA, with annual gross volume of sales made or business done in an amount not less than $500,000.

23. Plaintiff was throughout her entire employment with Defendants, a covered, non-exempt employee within the meaning of the NYLL and the FLSA. As such, Plaintiff was, and is, entitled to be paid in full for all hours worked.

## **JURISDICTION AND VENUE**

24. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

25. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor law.

26. Venue is further proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## **COLLECTIVE ACTION AND CLASS ACTION ALLEGATIONS**

27. Plaintiff brings this action on behalf of herself and all similarly situated current and former employees who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq*., and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and other similarly situated employees of their lawfully earned wages. Plaintiff also brings this action on behalf of herself and all other similarly situated individuals in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the NYLL (together, the "Classes").

28. Hereinafter, members of the New York Class and the FLSA Collective will be jointly referred to as "New York Class Plaintiffs" and "FLSA Collective Plaintiffs" respectively, and "Class Plaintiffs" collectively.

29. The Classes are so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to the Plaintiff, and calculation of such number would require facts in the sole control of Defendants, upon information and belief the size of the Classes are believed to be in excess of 100 individuals. In addition, the names of all potential members of the Classes are not known.

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

31. Plaintiff has identified several causes of action applicable to the Classes, including, but not necessarily limited to, Defendants': (a) failure to compensate Class Plaintiffs for overtime hours worked, including at the statutory overtime rate of pay; (b) failure to provide New York Class Plaintiffs with accurate wage statements accompanying each payment of wages; (c) failure to provide New York Class Plaintiffs with a hiring notice at or before their times of hire; and (d) failure to pay New York Class Plaintiffs spread of hours pay for shifts or split shifts in excess of 10 hours.

32. There is no conflict between Plaintiff and any other class member.

33. The questions of law and fact common to the classes predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, the following:

a. whether Defendants provided Plaintiff and New York Class Plaintiffs with a hiring notice at or before their time or hire or any time thereafter;

b. whether Defendants provided Plaintiff and New York Class Plaintiffs s with accurate statements accompanying each payment of wages;

c. whether Defendants kept track of the hours Plaintiff and Class Plaintiffs worked;

d. whether Plaintiff and Class Plaintiffs worked over 40 hours in any given week;

e. whether Plaintiff and Class Plaintiffs were paid at the rate of time and one half their regular rate of pay for hours worked over 40 in any given week;

f. whether Plaintiff and New York Class Plaintiffs worked shifts or split shifts in excess of 10 hours;

g. whether Defendants paid Plaintiff and New York Class Plaintiffs any additional amount for shifts or split shifts in excess of 10 hours; and

h. the damages to which Plaintiff and Class Plaintiffs are entitled due to the Defendants' violations of the NYLL and FLSA.

34. The Plaintiff's claims are typical of the claims of the classes she seeks to represent. Plaintiff and Class Plaintiffs work, or have worked, in the State of New York for Defendants.

35. Plaintiff and Class Plaintiffs were all subject to Defendants' policies and willful practices of failing to pay employees all earned wages, and thus, Plaintiff and Class Plaintiffs have sustained similar injuries as a result of Defendants' actions.

36. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and all procedures to non-exempt hourly employees who work at Defendants' locations in New York.

37. Plaintiff understands that as class representative, she assumes a fiduciary responsibility to the Classes to represent their interests fairly and adequately. Plaintiff recognizes that as class representative, she must represent and consider the interests of the Classes just as she would represent and consider her own interests. Plaintiff understands that in decisions

regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over the Classes. Plaintiff recognizes that any resolution of a class action must be in the best interest of the Classes. Plaintiff understands that in order to provide adequate representation, she must be informed of developments in litigation, cooperate with class counsel, and testify at depositions and/or trial.

38. The defenses that Defendants are likely to assert against the Plaintiff's claims are typical of the defenses that Defendants are likely to assert against the Classes.

39. Plaintiff and her counsel will fairly and adequately protect the interests of the Classes. The Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

40. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Although the relative damages suffered by individual Class Plaintiffs are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Plaintiff and the Class Plaintiffs lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

41. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(1)(B) in that prosecuting separate actions by individual class members would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

## FACTS

42. The below factual allegations are, upon information and belief, consistent among Plaintiff and all members of the Classes.

43. At all times during her employment with Defendants, Plaintiff was paid the applicable New York State minimum wage.

44. Plaintiff performed work for Defendants in New York State.

45. Plaintiff was required to clock in and out every shift using Defendants' timekeeping system.

46. Plaintiff was regularly underpaid.

47. Plaintiff's regular schedule was 5 days per week with each shift being 10.5 hours.

48. Plaintiff was never paid any additional amount for shifts over 10 hours, in violation of New York's Spread of Hours law.

49. For instance, on Wednesday July 2, 2025 Plaintiff worked a shift from 9:26 am until 8:05 pm, a spread of 10 hours and 41 minutes. Plaintiff's hourly rate of pay for this shift was $16.50. Plaintiff was entitled to one additional hour at the minimum wage for this shift. Despite this, Plaintiff was paid not paid any additional amount in violation of New York's Spread of Hours law.

50. Plaintiff regularly worked in excess of 40 hours per week with Defendants.

51. For example, Defendants' own time card shows that Plaintiff worked 40 hours and 12 minutes on the week of May 5, 2025.

52. Plaintiff was compensated at her base rate of pay for all hours, including those hours over 40 in any given week.

53. Plaintiff was never compensated at the rate of time and one half her base rate of pay for hours worked over 40 in any given week.

54. Defendants failed to furnish Plaintiff with accurate statements of wages with each payment of wages as required by the NYLL.

55. Plaintiff relied on her paystub to ensure that Defendants paid her correctly and for all hours worked.

56. Defendants failed to furnish Plaintiff with any time of hire wage notice, as required by the NYLL.

57. Due to Defendants failure to provide Plaintiff's pay information and proper number of hours worked on Plaintiff's wage notices and wage statements, Plaintiff was misinformed and/or un-informed about her actual wages earned, and was thus deprived of the information necessary to review her wages earned, which was a direct cause for her economic injury, and in fact, resulted in her wages being underpaid.

58. Plaintiff's inability to crosscheck her wage notices and wage statements constitutes concrete harm.

59. This pattern of conduct was continuous throughout Plaintiff's employment.

60. Defendants' unlawful conduct has been widespread, repeated, and consistent.

**AS AND FOR A FIRST CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF AND THE FLSA COLLECTIVE**
**For Violation of the Fair Labor Standards Act - Overtime**

61. Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

62. Plaintiff and the FLSA Collective were required to work in excess of 40 hours a week without being compensated for those hours at the statutorily required time and a half pay. These practices were willful and lasted for the duration of the relevant time periods.

63. This practice is in violation of the Fair Labor Standards Act.

64. Due to Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover from Defendants the difference between the amount they were actually paid, and the amount that they should have been paid had Defendants paid them overtime at the rate of time and on half their base rate of pay for hours worked over 40 in any week. In addition, Plaintiff and the FLSA Collective are entitled to recover liquidated damages equal to 100% of the underpayment, attorneys' fees, costs, and pre-judgment and post-judgment interest.

**AS AND FOR A SECOND CAUSE OF ACTION ON**
**BEHALF OF PLAINTIFF AND THE NEW YORK CLASS**
**For Violation of the New York Labor Law - Overtime**

65. Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

66. Plaintiff and the New York Class were required to work in excess of 40 hours a week without being compensated for those hours at the statutorily required time and a half pay. These practices were willful and lasted for the duration of the relevant time periods.

67. This practice is in violation of the New York Labor Law.

68. Due to Defendants' violations of the New York Labor Law, Plaintiff and the New York Class are entitled to recover from Defendants the difference between the amount they were actually paid, and the amount that they should have been paid had Defendants paid them overtime at the rate of time and on half their base rate of pay for hours worked over 40 in any week. In addition, Plaintiff and the New York Class are entitled to recover liquidated damages equal to 100% of the underpayment, attorneys' fees, costs, and pre-judgment and post-judgment interest.

**AS AND FOR A THIRD CAUSE OF ACTION ON**
**BEHALF OF PLAINTIFF AND THE NEW YORK CLASS**
**For Violation of the New York Labor Law – Spread of Hours Pay**

69. Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

70. The wage provisions of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff and the New York Class.

71. Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

72. Plaintiff and New York Class Plaintiffs were required by Defendants to work shifts that began and ended more than 10 hours apart in one day without being paid one extra hour's pay at minimum wage for every day in which the interval between their start and end times exceeded ten hours.

73. Plaintiff and New York Class Plaintiffs did work shifts that began and ended more than 10 hours apart in one day without being paid one extra hour's pay at minimum wage for every day in which the interval between their start and end times exceeded ten hours.

74. These practices were willful and lasted for the duration of the relevant time periods.

75. This practice is in violation of the New York "Spread of Hours Law."

76. Due to Defendants' violations of the NYLL, Plaintiff and New York Class Plaintiffs are entitled to recover from Defendants the difference between the amount they were actually paid, and the amount that they should have been paid had Defendants paid Spread of Hours pay. In addition, Plaintiff and the New York Class are entitled to recover liquidated damages equal to 100% of the underpayment, attorneys' fees, costs, and pre-judgment and post-judgment interest.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF AND THE NEW YORK CLASS**
**<u>For Violation of the New York Labor Law - Wage Statements</u>**

77. Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

78. Defendants willfully failed to supply Plaintiff and the New York Class, as required by NYLL § 195(3) with an accurate statement with every payment of wages listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone

number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

79. Defendants through their knowing or intentional failure to provide Plaintiff and the New York Class with accurate wage statements willfully violated the NYLL.

80. As a result, Plaintiff and the New York Class were un-informed about the correct wages they were supposed to earn, and thus they were deprived of the information necessary for reviewing their wages, which was a direct cause for their economic injury, and in fact, resulted in their wages being underpaid.

81. Due to Defendants' failure to provide the correct number of hours worked and pay they should have received on the wage statements provided to Plaintiff and the New York Class, Plaintiff and the New York Class were misinformed about the correct number of hours worked, and thus the correct amount of wages they were entitled to receive.

82. Defendants' incorrect wage statements allowed Defendants to continue their unlawful wage and hour scheme without Plaintiff's or the New York Class' awareness that they were being underpaid.

83. Due to Defendants' willful violation of the NYLL, Plaintiff, and each member of the New York Class, are entitled to statutory damages of $250 for each day that Defendants failed to provide them with an accurate wage statement, to a maximum of $5,000 each, as well as reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest as provided for by NYLL, Article 6, § 198.

**AS AND FOR A FIFTH CAUSE OF ACTION ON**

**BEHALF OF PLAINTIFF AND THE NEW YORK CLASS**
**For Violation of the New York Labor Law – Hiring Notice**

84. Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

85. Defendants have failed to supply Plaintiff and the New York Class with proper time of hire wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, at the time of hiring and at subsequent wage changes, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

86. Upon information and belief, Defendants failed to provide any time of hire wage notices provided to Plaintiff and the New York Class.

87. Plaintiff and the New York Class rely on their time of hire wage notices to ensure that employers have paid them the correctly for the hours they worked.

88. As a result, Plaintiff and New York Class were un-informed about the correct wages they were supposed to earn, and thus they were deprived of the information necessary for reviewing their wages, which was a direct cause for their economic injury, and in fact, resulted in their wages being underpaid.

89. Defendants' failure to provide time of hire wage notices allowed Defendants to continue their unlawful wage and hour scheme without Plaintiff's and Class Plaintiffs' awareness that they were being underpaid.

90. Due to Defendants' violations of NYLL, Article 6, § 195(1), Plaintiff and the New York Class are entitled to statutory penalties of $50 for each workday that Defendants failed to provide them with wage notices, or a total of $5,000 each, as well as reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest as provided for by NYLL, Article 6, § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all Class Plaintiffs, respectfully requests that this Court grant the following relief:

1. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notices, to all FLSA Collective members who are presently, or have at any time between the relevant statutory period and up through and including the date of this Court's issuance of court-supervised notice, worked at the Defendants' locations. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

2. Certification as a class as described herein pursuant to Rule 23 of the Federal Rules of Civil Procedure;

3. Designation of Plaintiff as representative of the Classes and Plaintiff's counsel as lead counsel for the Classes;

4. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein.

5. All damages which Plaintiff and the Classes have sustained as a result of Defendants' conduct, including:

a. Actual damages;

b. Liquidated damages equal to 100% of actual damages;

c. Liquidated damages equal to 100% of untimely wage payments;

d. An award of statutory damages for each workday that Defendants failed to provide Plaintiff and each member of the New York Class with an accurate wage statement, or a total of $5,000 per class member; and

e. An award of statutory damages for each workday that Defendants failed to provide Plaintiff and each member of the New York Class with a hiring notice, or a total of $5,000 per class member;

6. Awarding Plaintiff and the Classes their costs and disbursements incurred in connection with this action including reasonable attorneys' fees;

7. Pre-judgment and post-judgment interest, as provided by law; and

8. Granting such other and further relief as this Court deems necessary and proper.

Dated: Commack, New York
March 6, 2026

James Bouklas, Esq.
Bouklas Gaylord LLP
*Attorneys for Plaintiff*
357 Veterans Memorial Highway
Commack, NY 11725
Phone: (516) 742-4949
james@bglawny.com